IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES R. LUCAS,<br><br>     Plaintiff,<br><br>     v.<br><br>DADSON MANUFACTURING<br>CORPORATION *et al.*,<br><br>     Defendants. | Case No. 22-2107-KHV-ADM |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's Motion for Withdrawal of Defendant Peter B. Lucas's Attorney Due to Conflict of Interest. (ECF 23.)  By way of this motion, pro se plaintiff James R. Lucas ("James") asks the court to disqualify Mark v. Bodine ("Bodine") from representing defendant Peter B. Lucas ("Peter") because Bodine also represents defendant Dadson Manufacturing Corporation ("Dadson"), and James contends that Peter's interests are adverse to Dadson's.  For the reasons set forth below, James's motion is denied.

**I.     BACKGROUND**

This business dispute arises from James's employment at Dadson.  From 2005 to 2017, James served as Dadson's Chief Executive Officer and Chairman of the Board.  During that time, his son Peter served as Dadson's Chief Operating Officer.  From approximately 2012 to 2015, James took deferred salary and made loans to Dadson from his personal retirement account.  When James left employment with Dadson in 2017, Dadson promoted Peter to President.

In 2018, James sued Dadson in Johnson County District Court to recover his deferred salary and loans.  During the trial in that proceeding, Peter testified that James was overpaid for his personal loans to Dadson and that James had been stealing from Dadson.  The jury awarded James

$278,066 in deferred salary but awarded Dadson $117,328 for conversion of the overpaid loans and $400,000 for James's breach of fiduciary duty.  James states that, shortly after the verdict, he received evidence from an anonymous US Bank "whistleblower" that Peter had been the person stealing from Dadson from 2016 to 2018.  James contends that Peter "both converted enormous sums and breached his fiduciary duty to Dadson, all while serving for most of that time as Dadson's President."  (ECF 14, at 13.)  James moved for a new trial based on newly discovered evidence.  That motion was denied.  Soon thereafter, James and Dadson entered into a settlement agreement.

In October 2020, James filed a lawsuit in this court against Peter and Dadson in which he sought payment of his deferred salary, repayment of his personal loans, waiver of false charges and related penalties based on Peter's testimony at the Johnson County trial, and punitive damages.  *Lucas v. Dadson Manufacturing Corp.*, Case No. 20-2509-EFM-JPO ("*Lucas I*").  U.S. District Judge Eric Melgren dismissed James's complaint without prejudice for failure to allege facts supporting personal jurisdiction in Kansas.  The Tenth Circuit upheld that decision on appeal.  Nine days after the Tenth Circuit's order, James filed this case.

In this lawsuit, James again brings claims against Dadson and Peter for payment of deferred salary, repayment of personal loans, "review anew the false charges of conversion and breach of fiduciary duty," and punitive damages.  (ECF 14.)  James asserts all claims against both defendants.  Bodine entered his appearance as counsel for Dadson and Peter on September 8 and 15, respectively.  (ECF 17, 20.)  Thereafter, the defendants filed separate answers.  (ECF 22, 24.)

James now moves the court to disqualify Bodine from representing Peter on the ground that Bodine already represents Dadson.  James argues that there is a conflict of interest between these two clients because Peter "embezzled an enormous sum" from Dadson.  (ECF 23, at 2.)  Thus, according to James, Bodine's representation of Peter will be directly adverse to Dadson.  In

2

response, Bodine and Peter assert that James has no standing to bring the motion and, even if he did, there is no conflict between Peter and Dadson.

## II. ANALYSIS

"It is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994). When faced with a motion to disqualify counsel, the court must consider both the local rules of the court in which the attorney appears and standards developed under federal law. *United States v. Stiger*, 413 F.3d 1185, 1195 (10th Cir. 2005) (overruled on other grounds) (citing *Cole,* 43 F.3d at 1383). The court has discretion to disqualify counsel for violations of professional ethics rules. *Smith v. Whatcott*, 757 F.2d 1098, 1100 (10th Cir. 1985); *Biocore Med. Tech., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998) (citing *E.E.O.C. v. Orson H. Gygi Co., Inc*., 749 F.2d 620, 621 (10th Cir. 1984)). But the court must be mindful that a motion to disqualify can be used improperly as a litigation strategy. *Whatcott*, 757 F.2d at 1100.

This district has adopted the Kansas Rules of Professional Conduct ("KRPC"). *See* D. KAN. RULE 83.6.1. KRPC 1.7 prohibits a lawyer from, in most circumstances, "represent[ing] a client if . . . the representation of one client will be directly adverse to another client." When a motion to disqualify counsel is brought under KRPC 1.7, the court "must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice." *Smith v. TFI Fam. Servs., Inc.*, No. 17-02235-JTM-GEB, 2018 WL 2926474, at *3 (D. Kan. June 8, 2018).

In this case, James argues the court must disqualify Bodine because of a concurrent conflict of interest among defendants. Specifically, James asserts that Peter "robbed [Dadson] blind."

3

(ECF 14, at 2.)  James contends that Peter's and Dadson's interests are therefore "diametrically opposed" such that Bodine could not possibly maintain loyalty toward both.  (*Id.* at 6.)  However, the court finds that James has no standing to bring this motion and, in any event, has not demonstrated that Bodine has a current conflict of interest between the defendants in defending this case.

Generally, a party does not have standing to seek disqualification of opposing counsel based on a potential conflict among his current clients.  *See, e.g., TFI Family Servs*, 2018 WL 2926474, at *3 (recognizing the general rule is that an opposing party has no standing to move for disqualification based on a conflict among the attorney's clients); *Hjersted Family Ltd. P'ship v. Hallauer*, No. 06-2229-CM-GLR, 2007 WL 2789829, at *4 (D. Kan. Sept. 21, 2007) (considering KRPC 1.7 and collecting cases reaching the same conclusion about standing); *O'Hanlon v. AccessU2 Mobile Sols., LLC,* No. 18-CV-00185-RBJ-NYW, 2019 WL 1081079, at *5 (D. Colo. Jan. 22, 2019) ("[P]laintiff does not have standing to bring this motion to disqualify [defense] counsel").  Some judges in this district have recognized an exception applies "where the interests of the public are so greatly implicated that a third party should be entitled to raise any apparent conflicts of interest which may tend to undermine the validity of the proceeding." *TFI Fam. Servs*., 2018 WL 2926474, at *3, *see also In re Yarn Processing Pat. Validity Litig*., 530 F.2d 83, 89 (5th Cir. 1976) (suggesting a possible exception where the ethical violation was "manifest and glaring" or "open and obvious and confronted the court with a plain duty to act").  For example, the court has recognized an exception when the parties performed services for children in need of care placed in the state's custody.  *See TFI Fam. Servs*., 2018 WL 2926474, at *3.

James is not Bodine's client.  Nor has he attempted to demonstrate a public interest (as opposed to an interest by Dadson) in Bodine's disqualification.  Accordingly, James simply has

no standing to bring the present motion. Even if James did have standing to seek to disqualify Bodine, he has not demonstrated that Peter's and Dadson's interests are directly adverse in this lawsuit. The defendants' answers and affirmative defenses are nearly identical. (*Compare* ECF 22 and 24.) And, according to James, Bodine has represented both defendants in a number of lawsuits, including *Lucas I*, in which the same claims were brought. (ECF 14, at 3, 5.) James also acknowledges that "Dadson's Board of Directors has had a fully documented report since February 2019 which shows that [Peter] is actually the person who stripped Dadson of its financial reserves," but yet Dadson continues to employ Peter as its President. (*Id*. at 14). The court will not here undertake a "mini-trial" to determine who depleted Dadson's reserves in part because, regardless, James's allegations on that issue do not suggest that any current conflict of interest exists between Dadson and Peter.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Withdrawal of Defendant Peter B. Lucas's Attorney Due to Conflict of Interest (ECF 23) is denied.

Dated October 19, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
