#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES R. LUCAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 22-2107-KHV |
| DADSON MANUFACTURING CORP., ) | |
| et. al, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### ORDER TO SHOW CAUSE

James R. Lucas filed suit against Dadson Manufacturing Corporation ("Dadson") and Peter B. Lucas, alleging breach of contract and fraud. On November 1, 2022, defendants filed Defendants' Motion For Summary Judgment (Doc. #31), seeking summary judgment on all claims.

Defendants argue that they are entitled to summary judgment because plaintiff released such claims in a settlement agreement between the parties on March 12, 2019. In response, plaintiff argues that it is void because Pamela Lucas (plaintiff's ex-wife, one of the parties to the agreement) breached it. Defendants respond that collateral estoppel principles preclude plaintiff from relitigating this issue here.

In their original memorandum, defendants addressed the general enforceability of the settlement agreement and cited two state court orders enforcing it and mandating its execution. Presumably because defendants did not anticipate plaintiff's argument that the settlement agreement is void *because Pamela Lucas breached it*, their reply first addresses this narrow enforceability issue. See Defendants' Reply to Plaintiff's Responses To Defendants' Motion For Summary Judgment (Doc. #41-1) filed December 21, 2022 at 2. Ordinarily, the Court will not consider arguments first raised in reply briefs. See Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.,

No. CV 12-2350-KHV, 2019 WL 4958211, at *1 (D. Kan. Oct. 7, 2019) ("Court will not consider arguments and authorities which defendants first raise in their reply brief."); Mike v. Dymon, Inc., No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) (in fairness and to ensure proper notice, court generally summarily denies or excludes all arguments and issues first raised in reply briefs).

Although the Court believes that collateral estoppel principles likely bar the relitigation of Pamela Lucas' alleged breach, out of an abundance of caution, the Court orders plaintiff to show cause why it should not make such a finding.

**IT IS THERFORE ORDERED that on or before 5:00 p.m. on February 9, 2023, plaintiff show good cause in writing why the Court should not find that collateral estoppel principles preclude plaintiff from relitigating whether Pamela Lucas breached and therefore voided the settlement agreement, which contained plaintiff's release of his claims against defendants.**

Dated this 2nd day of February, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
