IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES R. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 22-2107-KHV |
| DADSON MANUFACTURING CORP., | ) | |
| et. al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER

James R. Lucas filed suit against Dadson Manufacturing Corporation ("Dadson") and Peter B. Lucas.  Plaintiff alleged breach of contract and fraud.  Amended Petition For Payment Of Deferred Salary Owed, Repayment Of Personal Loans Made, And Review Anew By The Court Of The Defendants' False Charges Against The Plaintiff (Doc. #14) filed April 15, 2022. On February 15, 2023, the Court granted defendants' motion for summary judgment on all claims.  See Memorandum And Order (Doc. #46); see also Defendants' Motion For Summary Judgment (Doc. #31) filed November 1, 2022.  This matter comes before the Court on Plaintiff's Motion To Alter The Amended Judgment (Doc. #55) filed April 5, 2023, Defendants' Motion Sanctions To Be Assessed As Costs (Doc. #53) filed March 22, 2023 and Defendants' Motion For Oral Argument (Doc. #54) filed March 24, 2023.  For reasons stated below, the Court overrules plaintiff's motion, overrules defendants' motion as to sanctions under Rule 11 and sustains defendants' motion for a hearing on the issue of sanctions under its inherent authority.

I.      Motion to Alter Amended Judgment

The Court first addresses how to construe plaintiff's motion to alter the amended

judgment.[1]  Whether the Court analyzes the motion under Rule 59(e), Fed. R. Civ. P., or Rule 60(b), Fed. R. Civ. P., depends on when plaintiff filed the motion.  See Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (time of service controls whether motion challenging judgment is under 60(b) or 59(e)).  A Rule 59(e) motion to alter or amend judgment must be filed within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).  A Rule 60(b) motion, on the other hand, "must be made within a reasonable time," and if the motion is brought under subsections (b)(1), (2) or (3), no more than a year after the entry of the judgment or order.  Fed. R. Civ. P. 60(b).

Because plaintiff filed his motion within 28 days of entry of judgment, the Court treats it as a Rule 59(e) motion to alter or amend the judgment.  Hawkins, 64 F.3d at 546.  Under Rule 59(e), a judgment can be altered or amended because of (1) a change in law; (2) new evidence; and/or (3) clear error or manifest injustice.  See Servants Of The Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors).  A Rule 59(e) motion is also proper when the Court has obviously misapprehended a party's position or decided issues beyond those presented.  Id.; Anderson v. United Auto Workers, 738 F. Supp. 441, 442 (D. Kan. 1990).  Whether to grant a motion for reconsideration is committed to the Court's discretion.  See Hancock v. Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).

Plaintiff argues that the Court incorrectly granted summary judgment in favor of defendants and puts forth the same arguments that he made in his response to defendants' summary judgment motion.  See Plaintiff's Motion To Alter The Amended Judgment (Doc. #55) at 1–3 (arguing that defendants breached settlement agreement); Plaintiff's Response To Defendants' Motion For Summary Judgment (Doc. #37) at 2–11 (same).  The Court has already addressed plaintiff's argument and found that collateral estoppel principles preclude plaintiff

---

[1]    The Court amended the judgment to address a clerical error.

from re-litigating the alleged breach of the settlement agreement.  Plaintiff has not presented evidence of a change in law, new evidence, clear error or manifest injustice.  The Court therefore overrules plaintiff's motion.

## II.    Rule 11 Sanctions

Defendants argue that they are entitled to recover their costs in defending this action under Rule 11, Fed. R. Civ. P., 28 U.S.C. § 1927 and the Court's inherent authority.  Defendants assert that the present action was clearly baseless and that plaintiff has threatened future litigation on issues already decided by multiple courts.  Defendants seek attorneys' fees and an injunction barring plaintiff from prosecuting new actions in any jurisdiction without leave of the Court and denying plaintiff's right to proceed with an appeal in the action *in forma pauperis*.

As to Rule 11, Rule 11(c)(1)(A) provides as follows:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged . . . claim . . . is not withdrawn or appropriately corrected.

The record contains no evidence that defendants followed the "safe harbor" provision in Rule 11.  The plain language of the rule indicates that this procedure is mandatory.  See Rubio ex re. Z.R. v. Turner Sch. Dist. No. 202, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).  Because defendants failed to follow this procedure, the Court overrules defendants' motion on sanctions under Rule 11.

Federal courts possess inherent authority to sanction both attorneys and litigants for conduct that amounts to abuse of the judicial process.  See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Morris v. Adam-Millis Corp., 758 F.2d 1352, 1357 n.7 (10th Cir. 1985).  This inherent authority "extends to a full range of litigation abuses."  Chambers v. NASCO, Inc.,

501 U.S. 32, 46 (1991).  Unlike Rule 11, sanctions under the Court's inherent authority appear to require a finding of bad faith on the part of the pro se party to be sanctioned.  See Farmer v. Banco Popular of N. Am., 791 F.3d 1246, 1256–59 (10th Cir. 2015) (upholding sanction under Court's inherent authority where party in bad faith failed to comply with order enforcing settlement); Chambers, 501 U.S. 32, 33 (1991) (no abuse of discretion under court's inherent power to sanction for bad faith conduct, even though some conduct also sanctionable under Federal Rules of Civil Procedure).

Defendants request a hearing on sanctions pursuant to D. Kan. Rule 7.2  Under Rule 7.2, requests for oral arguments on motions are granted at the discretion of the Court.  This case stemmed from a lawsuit which plaintiff filed in Johnson County, Kansas District Court in 2017, which resulted in an unfavorable jury verdict against him.  Apparently, plaintiff has since asserted 83 unsuccessful claims against parties or persons related to the Johnson County lawsuit. See Defendants' Motion Sanctions To Be Assessed As Costs (Doc. #53) filed March 22, 2023 at 4.  Specifically, plaintiff has filed seven suits, four appeals and three bar complaints and currently has eight claims pending.  Due to plaintiff's actions, he also has unpaid sanctions totaling $5,087.50.  Id. at 5.  After the Court dismissed plaintiff's claims here, he informed defendants' counsel that he intends to take further action against defendants if they refuse to enter a new settlement agreement with him.  Id. at 9–10.

In order to examine whether plaintiff has acted in bad faith, the Court sustains defendants' motion for a hearing on sanctions under the Court's inherent authority.  The parties should be prepared to present evidence, however, and not merely oral argument.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Alter The Amended Judgment (Doc. #55) filed April 5, 2023 is **OVERRULED.**

**IT IS FUTHER ORDRED** that <u>Defendants' Motion Sanctions To Be Assessed As Costs</u> (Doc. #53) filed March 22, 2023 is **OVERRULED as to Rule 11 sanctions.**

**IT IS FUTHER ORDRED** that <u>Defendants' Motion For Oral Argument</u> (Doc. #54) filed March 24, 2023 is **SUSTAINED.** The parties, however, should be prepared to present evidence. The evidentiary hearing is for Monday June 5, 2023 at 2:00 p.m.

Dated this 12th day of May, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge